BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

10/12/77

IN RE WESTINGHOUSE ELECTRIC CORPORATION ) DOCKET NO. 305
EMPLOYMENT DISCRIMINATION LITIGATION    )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of five actions[1] pending in two federal districts: Webb, Rivers, and Bradford in the Eastern District of Pennsylvania; and Warren and EEOC in the Middle District of North Carolina. Westinghouse Electric Corporation is the only defendant in Rivers, Bradford, Warren and EEOC. Defendants in Webb include Westinghouse, several of its officers and managerial employees, two labor organizations that represent various employees at Westinghouse's Lester, Pennsylvania facility, and the Secretary of Labor.

The named plaintiffs in Webb are four Black hourly production and maintenance workers employed by Westinghouse

---

[1] A sixth action, Bacon, filed in the Eastern District of Pennsylvania, was originally included in the motion before the Panel. Shortly after the Panel hearing on this matter, however, that action went to trial. Since transfer under 28 U.S.C. §1407 is for pretrial only, Bacon is no longer appropriate for our consideration.

at its Lester facility. The complaint in <u>Webb</u> alleges, <u>inter alia</u>, a pattern and practice of racial discrimination against Black employees and applicants for employment in Westinghouse's Steam Turbine Division. <u>Webb</u> is brought as a class action on behalf of all past, present and future Black applicants and employees within the Division, which includes facilities at Charlotte and Winston-Salem, North Carolina, and Orange, California, as well as Lester, Pennsylvania. A motion for class certification is now <u>sub judice</u> in <u>Webb</u>.

<u>Rivers</u> and <u>Bradford</u> are brought as individual actions against Westinghouse by Black hourly employees at the Lester plant. Plaintiffs in <u>Rivers</u> and <u>Bradford</u> each allege that specific discriminatory acts on the part of Westinghouse resulted in the termination of their employment at the Lester facility.

<u>Warren</u> is brought as a class action on behalf of all Black applicants and employees at Westinghouse's Winston-Salem facility. The complaint in <u>Warren</u> alleges both racial and sexual discrimination against defendant Westinghouse. No class determination has yet been made in <u>Warren</u>. Finally, the Equal Employment Opportunity Commission (EEOC) has filed an action charging Westinghouse with racial and religious discrimination at Westinghouse's Charlotte and Winston-Salem facilities.[2/]

---

[2/] EEOC originally was filed in the Western District of North Carolina but was subsequently transferred to the Middle District of North Carolina pursuant to 28 U.S.C. §1404(a).

The named plaintiffs in Webb move the Panel for an order, pursuant to 28 U.S.C. §1407, transferring Warren and EEOC to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending there. Plaintiffs in Rivers and Bradford join in this motion. Westinghouse, all other defendants except one of the labor organization defendants in Webb, plaintiffs in Warren and the EEOC oppose transfer.

Although we recognize that the allegations of racially discriminatory employment practices in these five actions may involve some common questions of fact, we are not persuaded that these common issues would predominate over individual factual issues. Moreover, we have concluded that Section 1407 proceedings would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

Movants argue that these actions share numerous questions of fact concerning Westinghouse's alleged racial discrimination in its Steam Turbine Division. Movants state that the Steam Turbine Division is headquarted in Lester, Pennsylvania, and they assert that the Westinghouse plants in Charlotte and Winston-Salem are supervised by personnel who work at the Lester facility. Moreover, movants state, Webb and Warren have been brought on behalf of overlapping

classes and the complaint in the EEOC's action seeks, <u>inter alia</u>, relief for Black employees at Westinghouse facilities included in the purported <u>Webb</u> and <u>Warren</u> classes. Thus, absent Section 1407 transfer, there is a danger of conflicting class determinations and other pretrial rulings, movants contend.

These arguments are not persuasive. Our thorough review of the complaints in <u>Webb</u>, <u>Rivers</u> and <u>Bradford</u>, the three Pennsylvania actions, reveals that, unlike the Division-wide issues concerning racial discrimination potentially involved in <u>Webb</u>, the factual issues in <u>Rivers</u> and <u>Bradford</u> involve chiefly allegations of specific discriminatory acts at the Lester facility relating to the named plaintiffs only. Similarly, in contrast to <u>Webb</u>, the complaints in the two North Carolina actions, <u>EEOC</u> and <u>Warren</u>, are restricted to employment practices at one or both of Westinghouse's North Carolina plants. And unlike any other action in this litigation, the complaint in <u>EEOC</u> includes allegations of religious, as well as racial, discrimination, while the complaint in <u>Warren</u> raises allegations of sexual, as well as racial, discrimination. Any factual similarities among the allegations in <u>Webb</u>, <u>EEOC</u> and <u>Warren</u> are further attenuated by the fact that employment practices at the Lester facility, unlike those at the Charlotte or Winston-Salem

plants, apparently are in large part governed by collective bargaining agreements with local unions, whereas the parties' represent that there are no unions or collective bargaining agreements at the Charlotte or Winston-Salem facilities. Thus, we find that individual rather than common factual questions predominate in this litigation.

Furthermore, on the basis of the record before us, it appears that discovery and other pretrial proceedings in EEOC are nearly complete, that that action is near trial, and that therefore the action should not be included in coordinated or consolidated pretrial proceedings. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 65 F.R.D. 502, 505 (J.P.M.L. 1975). Also, a cutoff date for all discovery was set by the North Carolina court in Warren and that date has expired. Finally, we emphasize that all parties to the two North Carolina actions agree that those actions should remain separate from the Pennsylvania actions and that thereby the North Carolina actions will be promptly resolved.

We recognize that some members of the purported class in Warren are included in the class sought in Webb, and that the EEOC in its action has sought relief for, among others, members of this same group. We are persuaded, nevertheless, that the circumstances of this particular litigation do not warrant transfer under Section 1407 and that communication and cooperation between the two concerned district

courts, coupled with the cooperation of the parties, will be sufficient to prevent any duplicative discovery and eliminate the possibility of conflicting class determinations or other pretrial rulings. See <u>In re Royal American Industries, Inc. Securities Litigation</u>, 407 F. Supp. 242, 244 (J.P.M.L. 1976); <u>Manual for Complex Litigation</u>, Part I, §5.40 (rev. ed. 1973).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the two actions listed on the following Schedule A and pending in the Middle District of North Carolina to the Eastern District of Pennsylvania be, and the same hereby is, DENIED.

Schedule A                                                                 MDL-305

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roland C. Webb, et al. v. Westinghouse Electric Corp., et al. | Civil Action No. 76-172 |
| Robert Rivers v. Westinghouse Electric Corporation | Civil Action No. 76-3193 |
| Rosa Bradford v. Westinghouse Electric Corporation | Civil Action No. 77-655 |

## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Equal Employment Opportunity Commission v. Westinghouse Electric Corporation | Civil Action No. C77-174-WS |
| Bevery P. Warren, et al. v. Westinghouse Electric Corp. | Civil Action No. C77-57-WS |